IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff / Respondent,<br><br> v.<br><br>AARON JACKSON,<br><br>   Defendant / Petitioner. | Case No. 07-20018-007-JWL<br>Case No. 12-02445-JWL |

## MEMORANDUM AND ORDER

This matter is presently before the Court on defendant Aaron Jackson's pro se petition to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. # 374). For the reasons set forth below, the petition is **dismissed**.

### I.   Background

Mr. Jackson pleaded guilty to conspiracy to distribute or possess with intent to distribute more than 5 kilograms of cocaine and more than 50 grams of cocaine base, a Class A felony in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (Docs. # 207, 208). Judgment was entered against him on July 20, 2009, and defendant was sentenced to 135 months imprisonment (Doc. # 288). Prior to sentencing, the United States Probation Office prepared a presentence report (PSR) explaining that defendant participated in a drug trafficking conspiracy in 2004, during which the conspiracy was

1

responsible for distributing at least 1 kilogram of cocaine base each month (Doc. #274). Based on his participation, defendant was attributed with at least 1.5 kilograms but less than 4.5 kilograms of cocaine base, which equated to a base offense level 36 under the Sentencing Guidelines. His criminal history was category III.

Defendant subsequently filed a successful pro se Motion for Retroactive Application of Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2) (Doc. # 363), which resulted in a reduced sentence of 108 months. That motion was granted June 29, 2012 (Doc. # 370).

In his plea agreement with the United States, defendant waived the right to challenge his conviction or sentence in any collateral attack, including an attack under 28 U.S.C. § 2255 (Doc. # 208, ¶ 12). However, he filed a § 2255 petition on July 13, 2012 (Doc. # 374). His petition arrived in the form of a hand-written, pro se letter to the Court dated July 8, 2012.

## II.  Analysis

A prisoner is entitled to relief under 28 U.S.C. § 2255 if the Court finds the judgment against him "was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255(b). Relief includes vacating and setting aside the judgment. *Id*.

Here, defendant's § 2255 petition to vacate his sentence is based on ineffective assistance of counsel. However, the Court does not reach the merits of defendant's petition because it was untimely filed.

A petition under § 2255 must be filed within a one-year period of limitations, which runs from the latest of four possible events. First, it may run from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). The date on which the judgment becomes final depends on whether the defendant appeals his conviction. If the defendant does not file an appeal, the judgment of conviction becomes final when the time to file an appeal expires. *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006) (citing *Moshier v. United States,* 402 F.3d 116, 118 (2d Cir. 2005)). A defendant must file a notice of appeal within 14 days of judgment being entered. FED. R. APP. P. 4(b)(1)(A)(i). When an appeal is taken, "a criminal conviction becomes final when . . . the time period for filing a certiorari petition expires." *Prows* at 1227-28 (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)).

Alternatively, the period of limitations may run from the date of the removal of a government-created impediment which prevents the filing of a § 2255 petition. 28 U.S.C. § 2255(f)(2). Or, if a defendant's § 2255 petition asserts a right newly recognized by the United States Supreme Court and made retroactive, the period may run from the date on which the right was initially recognized. 28 U.S.C. § 2255(f)(3). Finally, the period of limitations may run from the date on which facts supporting the claims therein could have been discovered with due diligence. 28 U.S.C. § 2255(f)(4).

In this case, defendant did not confront an impediment to filing his § 2255 petition, his petition does not assert a right newly recognized by the Supreme Court, and his petition does not rely on facts that would not have been discovered previously with due diligence. Therefore, the one-year period of limitations runs from the date judgment against him became final.

Judgment against the defendant was entered on July 20, 2009. Because he did not appeal, judgment became final 14 days later on August 3, 2009. The one-year limitation period for filing a § 2255 petition expired August 3, 2010, and defendant's petition was not received until July 13, 2012. Therefore, defendant's petition was untimely because it was filed after the one-year period of limitations expired.

The June 29, 2012 order reducing defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) does not impact the date on which judgment became final for purposes of 28 U.S.C. § 2255. "Notwithstanding the fact that a sentence to imprisonment can subsequently be . . . modified pursuant to subsection (c) . . . a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes." 18 U.S.C. § 3582(b).

## II. Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing § 2255 Proceedings states that the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28

4

U.S.C. § 2253(c)(2).[1] To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). With respect to the claims dismissed above, for the same reasons stated, defendant has not made a substantial showing of the denial of a constitutional right; the Court therefore denies a certificate of appealability with respect to those issues.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's pro se petition to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. # 374) is **dismissed as untimely**.

IT IS SO ORDERED.

Dated this 9th day of November, 2012, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[1] The denial of a § 2255 petition is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* FED. R. APP. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).